Good morning, Your Honors. Chris Kozol on behalf of Mr. Angeles-Moran. I have reserved two minutes of my time. Mr. Angeles-Moran is before the Court today, Your Honors, to ask this Court to rule as to whether or not an immigration judge during a removal proceeding may rely on evidence that the judge herself had said had not been filed with the immigration court in removal proceedings, and therefore was not on the record of removal. In November of 2010, Mr. Angeles-Moran was served with a notice to appear in immigration court proceedings. He went to initial hearing in 2011 without counsel. The hearing was reset. He later appeared with me representing him. After having filed a motion to suppress and terminate the removal proceedings, which was filed on June 17, 2013, the government filed a response. The response made several citations to a Form I-213, which is a document prepared by ICE after they take somebody into custody and are preparing to determine whether or not to issue a notice to appear in their case. At an August 22, 2013 hearing, we advised the Court that we had not received a copy of the I-213, that it wasn't attached to the government's opposition to our motion to suppress, and we had no record of being served with it. The immigration judge reviewing the record indicated that the I-213 had been filed in bond proceedings, not in removal proceedings, and needed to be refiled. And this is at page 129 to 130 of the administrative record. At that time, the government counsel, represented by the Office of Chief Counsel, did not have an extra copy of the I-213 so that she could file and submit with the Court. The Court asked if we would wait for them to make copies, and we said we would. But we did have a merits hearing, a final hearing, for a detained client in another courtroom, and we could only wait so long. After several moments, the judge advised that she would be taking the case under advisal and issuing a written decision, at which point we said, or I said, in that case, Your Honor, if the government would like to file the I-213 at a later date and serve me by mail, mail me a copy, we're okay with that. And D.H. Counsel responded, yes, I will file the I-213 on another day. It is undisputed, and it is clear from the record that they never did so, because there is no date-stamped copy of the I-213 after that point. Isn't it in the record? There is an I-213 in the record of bond proceedings, Your Honor. What aren't bond proceedings? The subsequent proceeding you're talking about. We're talking about the subsequent removal proceeding. And the statute at 8 U.S.C. 1229A.3 provides that the removal proceeding is the exclusive procedure for an immigration judge to make determinations of removability for a person alleged to be a foreign national. It also, and 1229A subsection C1A, says that the determination must be made on the record in the removal proceedings. You're saying it's not, that it wasn't made, it's not there. It's not in the record of removal proceedings. And all that does is determine where he's from, right?  You know, I didn't dig this up. I had someone else dig it up. But apparently there is something in the record on the I-213 for that hearing. Now maybe, well, anyway, let's see what the other side says. It seems to me that that, it's not a big deal, but you're making more out of it than it is, you know, about where he's from. And that's really all you got. And I understand why you're pushing this, but it doesn't seem to me that that was missing. You didn't get a copy, and that's not good. Somebody said they were going to send you one, but somebody at least put it into the record the way I understand it. We would respectfully argue, Honor, that when a court, when a document is received into the record of the court, it is date stamped. And that is evident from the one document, the I-213 is in the record in the bond proceedings. There is a date stamp saying that it was received by the court on, I'm not certain of the date, but it was sometime in January of 2012. And the court stamped it as having been received at that date. And there is no dispute that that was a bond hearing. What's the one? I have one that's dated 12-17-2011. You say that one's in the bond? I do not have a record of that in the administrative record, Your Honor. I'm not guessing. I'm just going with what came up here, and I want to hear what he has to say, too. Yes, Your Honor. I don't know about the 12-17-2011. In the administrative record, the only copy of the I-213 that I have seen is the one that is marked, I believe it's January 12, 2012, or January 10, 2012. 2012? I believe so. And that was the bond hearing? That was a bond hearing. Well, then maybe this one that's dated 2011 is before that. So maybe it's not from that file. I don't know. Okay. It could be part of the bond proceeding, Your Honor. I don't know. We informed the court at the August 22 hearing that we didn't have a copy at any rate, and the judge said it had not been filed in removal proceedings, that it had only been filed in bond proceedings, and told the government that they had to refile. The government did offer to make copies. We were waiting, but again, and this is not part of the record. I understand the court can't look to this. We can only wait so long when we have other clients in other courtrooms. In this case, a detained person who could have been sitting for six months already and could have had a hearing going another two months if it got continued because we were stuck in another courtroom waiting for copies to be made. Where is he now? Mr. Angelos Moran. He remains in the United States. He has been ordered removed. They have not executed the order of removal. His appeal was taken to the BIA, pardon me, the Board of Immigration Appeals, and during the pendency of that appeal, the government was not able to remove him during the pendency of an appeal. Do they know where he is? I assume so. He has not changed his address. Is he in custody somewhere? No, he is not, Your Honor. Pardon me? No, he is not. He is not in custody. This court has ruled that the I-213 is a presumptively reliable document and that immigration judges may rely on it, and that was Gutierrez, Berdin, and other cases. And we recognize that while the I-213 may be a presumptively reliable document and that judges may rely on it when it's admitted in removal proceedings, the fact that it was not filed in removal proceedings, according to the immigration judge, and was not served on us thereafter deprived us of any attempt to challenge, make any challenge to the I-213. We had no opportunity to object to it or to question Mr. Angeles Moran about the circumstances under which the I-213 was brought forward. The judge said, you need to refile that. The government didn't, and they didn't serve it. And the next thing we got was the judge's decision. I see I'm in my rebuttal time, Your Honor. All right. Thank you, Mr. Cochran. Thank you, Your Honors. May it please the Court, Todd Cochran on behalf of the Attorney General. The Court should deny the petition for review because DHS demonstrated Mr. Angeles Moran's identity and alienage by submitting an I-213, which appears in the record, as Judge Manning pointed out, at 233 to 234 of the administrative record. Thereby, by doing that, DHS then shifted the burden of Mr. Angeles Moran to prove he was lawfully admitted or entitled to be admitted, neither of which he has demonstrated or been able to do at any time in the past. Now, the date is 12-17-2011 on page 234. Yes. That's what you're referring to. Yes. That is the date the I-213 was prepared. Okay. So it's not the date of its submission, is it? I don't know the answer to that, Your Honor. It appears the DHS attorney from the record was submitting it at the August 22nd, 2013 hearing that Mr. Cozell referenced before, where there was an issue with the copies, and the judge asked opposing counsel to wait for the copies, which they decided not to do. Nevertheless, the document appears in the administrative record. The immigration judge, in her decision on page 86 of the administrative record, she references that DHS submitted an I-213. I also would submit to the court it would not be typical to have the bond documents in the removal proceeding record, because they are supposed to be separate and apart, of course. So that being said, we believe that the document was in the record, and it did establish the alienage. The other issue I think Your Honor also referenced is, really, what is the remedy here if they weren't kept separate and apart? They had the document from the bond proceedings. It was presented during the removal proceedings. And so if there was some sort of administrative snafu where it wasn't actually put into the record, what is the remedy? You send it back down to the immigration judge. The immigration judge either clarifies, yes, it was in the record, or DHS then submits it at that point in time, and all it does is establish the alienage of Mr. Angelis Moran. At no point in the proceedings has he ever contested his alienage. He's never done it before the immigration judge. He's never done it before the board. He's never done it before the court here today. So even if it needs to be sent back down, there really is no sort of a futile remedy available to him if it gets sent back down to the agency. So that I-213 is determined at a certain time, and then subsequent to that you can have a bond hearing with that same document, and subsequent to that you can have the removal hearing with the same document. Correct, Your Honor. Which is what I guess you're saying. Yes. The I-213 is a document typically where an ICE officer talks with or interviews the individual and they have suspicion they're in the country illegally. They record information. The person has an opportunity to review it, and then it is often used then to create the notice to appear, which is the charging document in the removal proceedings. There's a separate track for the bond proceedings where the individual may be in custody, as Mr. Angeles Moran was initially, where he's seeking removal or seeking to be released from custody. I'm sorry about that. And so those are two separate proceedings. Oftentimes, not always, but oftentimes the same immigration judge presides over both of those proceedings. The whole purpose is to authenticate where he's from, right? Yes. And where he's supposed to go back to. Correct, Your Honor. Right now he's not in custody. He's not in custody, no. Does the government know where he is? Well, I believe that we know where he is. With his counsel, he's communicated with the Department of Homeland Security to keep his address up to date. Sometimes the individuals are required to report at particular times. I don't know if Mr. Angeles Moran has been required to do that or not. That is something that DHS handles. But as far as I know, the government does know where he is.  Mr. Cochran, your position is that this form was introduced at the removal proceeding? It was presented at the removal proceeding, Your Honor. Again, at 129 to 130 of the record, the DHS attorney said, oh, I have the 213 here. It had one copy. It had one copy of it, that's correct. It was trying to submit it to the immigration judge. The immigration judge said, let's make some more copies of that because you wait for that to happen. Opposing counsel said, I have to go press him out of another courtroom. DHS counsel said, I will mail it another date and time. Apparently, she did not do that. That's regrettable, absolutely. But it appears she was trying to submit to the record, and the immigration judge, again, in her decision says, DHS submitted the I-213. What's the best evidence that at least the judge laid eyes on it? I think the best evidence the judge laid eyes on it would be that discussion about the document at 129 to 130, as well as a representation in her written decision at page 86 that, quote, DHS submitted an I-213. If there are no further questions, we'll rest on the brief for the rest. Thank you, Mr. Cockney. Thank you, Your Honors. Judge Sullivan. Your Honors, there is one copy of the I-213 in the administrative record before the court. It is date stamped as January received in court, January 10, 2012. That is the date on which the judge's notes indicate a bond being set, and the judge's notes are also indicative. We go back. This goes back to the IJ. What's the likely outcome here? There's been no challenge on appeal as to the substantive accuracy of the I-213, right? There has been no challenge on appeal as to the substantive accuracy, Your Honor. We had not seen the I-213 until the administrative record, and I don't know how one would challenge the substantive elements of it on appeal. You're not claiming that what the IJ saw, whether or not it was entered, as Judge Alonzo said, it was brought to the attention of the court. It was brought to the attention of the court, and apparently it was in the bond proceeding. I am sure that absent a showing on our part that the information was inaccurate or that the information was obtained through duress or threats of some sort, that it was going to be admitted into court. However, having not submitted it in the removal proceedings so that we could effectively make that challenge, Mr. Ann Hullis Moran was deprived of the opportunity to make that challenge in the hearing below. And that opportunity to test the evidence would have been determinative on the motion to suppress and terminate, which we have not argued in our briefs to this court. We understand that, Your Honor, as you indicated, Judge Mannion, it's not the biggest issue this court is going to deal with this term or even today. But for Mr. Ann Hullis Moran, it's an important issue whether or not he has had the right to have evidence presented during his removal proceeding, had an opportunity to challenge evidence presented against him, had an opportunity to – pardon me, my time is up. No, you can conclude. And have the opportunity to have his hearing be on the record as required by law. Thank you, Your Honor. Thank you. Thank you to both counsels. The case is taken under advisement.